IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

CALVIN LEE ROBINSON                                                                     PETITIONER

v.                                                                          No. 4:13CV59-MPM-DAS

TIMOTHY OUTLAW, ET AL.                                                              RESPONDENTS

**MEMORANDUM OPINION**

This matter comes before the court on the *pro se* petition of Calvin Lee Robinson for a writ of habeas corpus under 28 U.S.C. § 2254. The State has moved to dismiss the petition as untimely filed under 28 U.S.C. § 2244(d)(2). Robinson has responded to the motion, and the matter is ripe for resolution. For the reasons set forth below, the State's motion to dismiss will be granted and the instant petition for a writ of *habeas corpus* dismissed as untimely filed.

**Facts and Procedural Posture**

Calvin Lee Robinson pled guilty to a charge of statutory rape in the Circuit Court of LeFlore County, Mississippi. On July 24, 2003, he was sentenced to serve a term of thirty years in the custody of the Mississippi Department of Corrections, with ten years suspended and five years of post-release supervision. Robinson is in the custody of the Mississippi Department of Corrections and is currently housed at the Carroll-Montgomery County Regional Correctional Facility in Vaiden, Mississippi.

On July 23, 2004, Robinson signed a post-conviction motion, which was filed in LeFlore County Circuit Court Cause No. 2004-0073-CI. Though Robinson did not sign the motion itself, he did sign the attached affidavit on July 23, 2004, so the court will use that date to calculate the federal *habeas corpus* deadline. The circuit court denied Robinson's motion on October 25, 2004. Robinson did not appeal that decision. Robinson filed a second post-conviction motion in LeFlore County Circuit Court Cause No. 2004-0073CI, which he signed on September 17, 2007.

On October 1, 2007, the circuit court dismissed this petition as successive. Robinson appealed that decision and, on September 29, 2009, the Mississippi Court of Appeals affirmed the dismissal. *Robinson v. State*, 19 So.3d 140 (Miss.Ct.App. 2009) (Cause No. 2007-CP-01795-COA). The Mississippi Supreme Court denied Robinson's petition for a writ of certiorari on February 14, 2013. *Robinson v. State*, 197 So.3d 998 (Table) (Miss. 2013). He filed the instant petition for a writ of *habeas corpus* on March 22, 2013.

## One-Year Limitations Period

Decision in this case is governed by 28 U.S.C. § 2244(d), which provides:

(d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or the laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State postconviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U. S.C. § 2244(d)(1) and (2).

By statute, there is no direct appeal from a guilty plea. *See* Miss. Code Ann. § 99-35-101. As such, Robinson's judgment became final on August 25, 2003, thirty days after July 24, 2003, the date he was sentenced on his guilty plea.[1] *Roberts v. Cockrell*, 319 F.3d 690 (5th Cir. 2003). Thus, under 28 U.S.C. § 2244(d)(1) his deadline for filing a federal petition for a writ of *habeas corpus* then became August 25, 2004. As Robinson properly filed a state application for post-conviction collateral relief as contemplated by 28 U.S.C. § 2244(d)(2) on or before August 25, 2004, the limitations period did not run during the pendency of the application. *Grillete v. Warden,* 372 F.3d 765, 769 (5th Cir. 2004); *Flannagan v. Johnson*, 154 F.3d 196, 201 (5th Cir. 1998); *Davis v. Johnson*, 158 F.3d 806 (5th Cir. 1998). Robinson's July 23, 2004, motion for post-conviction collateral relief thus tolled the limitations period for 94 days (July 23, 2004, through October 25, 2004). As such, the deadline to file his federal *habeas corpus* petition became November 29, 2004 (August 25, 2004 + 94 days). The calculation actually results in a date of November 27, 2004, which fell on a Saturday. As such, to calculate the *habeas corpus* deadline, the court has used the date of the next available work day, Monday, November 29, 2004. Robinson filed no further applications for post-conviction collateral relief before the new deadline; as such, he enjoyed no further statutory tolling of the limitations period, which remains November 29, 2004.

### Robinson's Argument Regarding Intervening Decisions

Robinson argues that he should be exempted from the application of the federal limitations period pursuant to 28 U.S.C.A. §2241(d)(1)(C), because of the "intervening decisions" of *Missouri v. Frye*, 132 S.Ct. 1399 (2012) and *Lafler v. Cooper*, 132 S.Ct. 1376

---

[1] Thirty days from July 24, 2003, yields a date of August 23, 2003, which fell on a Saturday. As such, the court has used the next business day, Monday, August 25, 2003, as the date Robinson's conviction became final.

(2012), both of which were decided on March 21, 2012. In *Frye,* the Supreme Court held that defense attorneys have a duty to communicate formal plea offers to their clients. *Frye*, 132 S.Ct. at 1408. In *Lafler*, the defendant rejected a plea offer based on what all parties conceded was deficient advice that he could not be convicted at trial. *Lafler*, 132 S.Ct. at 1384. The *Lafler* Court held that a criminal defendant can demonstrate constitutionally ineffective assistance of counsel under *Strickland v. Washington*, 466 U.S. 668 (1984), if he can show that: (1) but for the deficient advice, he would have accepted the offer; (2) the court would have accepted the terms of the offer; and (3) the conviction and sentence under the offer would have been less than that received following trial. *Lafler*, 132 S.Ct. at 1385.

*Frye* does not apply at all to the instant case because Robinson has not alleged that his attorney failed to communicate a plea offer from the State. Instead, Robinson alleges that his attorney lied to him – stating falsely that, though Robinson appeared to have been accepting an open plea (with a maximum sentence of life imprisonment), the trial court had secretly communicated to counsel that Robinson would receive a sentence in the range of six to eight years. Robinson also alleges that counsel told him to lie under oath by answering "no" when the trial court asked whether anyone had tried to coerce his plea, offer inducements to plead guilty, or made promises regarding the sentence. Robinson alleges that he, indeed, lied under oath when asked these questions, telling the court that, in all ways, his plea was knowingly, intelligently, and freely given. Robinson argues that he only entered his plea because his attorney told him that the judge had agreed to that his sentence would be in the range of six to eight years – far less time than the twenty-year sentence he actually received.

The State argues that Robinson's situation is distinguishable from that of the petitioner in *Lafler, supra*, because in those cases the defendants were prevented from accepting a plea due to

counsel's ineffectiveness. The State argues that the Supreme Court distinguished cases in which "a plea deal is accepted by the defendant but rejected by the judge," *Lafler*, 132 S.Ct. at 1387 – and, thus, *Lafler* does not apply to the present case. That is not, however, what occurred in the present case. Robinson argues that he accepted the plea – but that his acceptance was based upon lies his attorney told him regarding the length of the sentence he would receive. The trial court did not reject the plea; instead, it accepted the plea – but imposed a sentence longer than Robinson expected based upon his attorney's representations. The Supreme Court held in *Lafler* that a petitioner can state a claim for ineffective assistance of counsel if, because of counsel's error during plea negotiations, the petitioner misses the opportunity to take advantage of a plea offer – and instead, either goes to trial and receives a sentence harsher than that offered by the State – or accepts a much less favorable plea offer. Robinson argues not that counsel made an error during plea negotiations, but that counsel fabricated an agreement with the trial judge, then told Robinson to lie during the plea colloquy. Thus, Robinson's argument is similar to the one made in *Lafler*, but it is distinguishable.

Neither *Frye* nor *Lafler* applies to Robinson's case; instead, several older cases do. In a case like Robinson's, "a defendant may seek [*habeas corpus*] relief on the basis of alleged promises, though inconsistent with representations [he] made in open court when entering [his] guilty plea, by proving (1) the exact terms of the alleged promise, (2) exactly when, where, and by whom the promise was made, and (3) the precise identity of an eyewitness to the promise. *See Harmason* [*v. Smith*], 888 F.2d [1527,]1529 [5[th] Cir. 1989](citations omitted)." *United States v. Cervantes*, 132 F.3d 1106, 1110 (5th Cir. 1998). As such, the law regarding claims such as Robinson's was established long before Robinson entered his plea, and neither *Frye* nor *Lafler, supra,* constitute an intervening decision that would warrant an exception to the federal

statute of limitations in this case. As such, he may not use the intervening decisions exception to the one-year federal *habeas corpus* limitations period to render the instant petition timely filed, and the deadline for filing such a petition expired on November 29, 2004.

### The Fundamental Miscarriage of Justice Exception

Robinson also alleges that a fundamental miscarriage of justice would result if his conviction were allowed to stand. A *credible* claim of actual innocence may allow a prisoner seeking federal *habeas corpus* relief to avoid the statute of limitations set forth in 28 U.S.C. §2244(d). *McQuiggin v. Perkins*, 133 S.Ct. 1924 (2013). "To invoke the miscarriage of justice exception to AEDPA's statute of limitations . . . a petitioner 'must show that it is more likely than not that no reasonable juror would have convicted him in the light of the new evidence.'" *Id.* at 1935, citing *Schlup v. Delo*, 115 S.Ct. 851, 567 (1995). Further, an "unexplained delay in presenting new evidence bears on the determination whether the petitioner has made the requisite showing." *Id.* As such, the fundamental miscarriage of justice exception applies only to cases of actual innocence, "where the petitioner shows, as a factual matter, that he did not commit the crime of conviction." *Fairman v. Anderson,* 188 F.3d 635, 644 (5th Cir. 1999) (citing *Ward v. Cain,* 53 F.3d 106, 108 (5th Cir. 1995)). To establish his innocence, Robinson offer new, reliable, evidence that was not presented at trial – proving that, "more likely than not that no reasonable juror would have convicted him in light of the new evidence." *Fairman,* 188 F.3d at 644 (citations omitted).

Robinson pled guilty to statutory rape, and he has presented no evidence that he is actually innocent of that crime. Instead, he has simply attached affidavits to his memorandum alleging that he was induced to plead guilty because his attorney told him he would receive a lighter sentence than the one actually imposed. These allegations have no bearing on Robinson's

innocence or guilt – only the reason he chose to plead guilty. As such, Robinson has made no plausible claim of innocence, and the deadline for seeking federal *habeas corpus* relief expired on November 29, 2004.

### The Petition's Untimeliness

Under the "mailbox rule," the instant *pro se* federal petition for a writ of *habeas corpus* is deemed filed on the date the petitioner delivered it to prison officials for mailing to the district court. *Coleman v. Johnson,* 184 F.3d 398, 401, *reh'g and reh'g en banc denied,* 196 F.3d 1259 (5th Cir. 1999), *cert. denied,* 529 U.S. 1057, 120 S. Ct. 1564, 146 L.Ed.2d 467 (2000) (citing *Spotville v. Cain,* 149 F.3d 374, 376-78 (5th Cir. 1998)). In this case, the federal petition was filed sometime between the date it was postmarked on March 19, 2013, and the date it was received and stamped as "filed" in the district court on March 22, 2013. Giving the petitioner the benefit of the doubt by using the earlier date, the instant petition was filed more than eight years after the November 29, 2004, filing deadline. As discussed above, Robinson has not alleged any "rare and exceptional" circumstance to warrant equitable tolling, *Ott v. Johnson,* 192 F.3d 510, 513-14 (5th Cir. 1999), and the circumstances in this case do not give rise to any other reason to toll the limitations period. The instant petition will thus dismissed with prejudice and without evidentiary hearing as untimely filed under 28 U.S.C. § 2244(d). A final judgment consistent with this memorandum opinion will issue today.

**SO ORDERED**, this, the 29th day of October, 2014.

**/s/ MICHAEL P. MILLS**
**UNITED STATES DISTRICT JUDGE**
**NORTHERN DISTRICT OF MISSISSIPPI**